UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

HUBERT BREWINGTON,

        Plaintiff,

v.

BRENDA TRITT, et al.,

        Defendants.

CIVIL ACTION NO. 1:15-CV-01362

(KANE, J.)
(MEHALCHICK, M.J.)

### REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights action initiated upon the filing of a complaint in this matter on July 13, 2015 by Plaintiff Hubert Brewington. (Doc. 1). Pending before this Court is Defendants' motion to dismiss for failure to prosecute, together with a supporting brief, filed on January 27, 2016. (Doc. 22; Doc. 23). For the reasons provided herein, it is recommended that Defendants' motion be **GRANTED**.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Hubert Brewington, proceeding *pro se*, brought the above-captioned civil rights action on July 13, 2015, asserting several federal and pendent state law claims against a number of officials and administrators employed at the State Correctional Institution at Frackville ("SCI-Frackville"). Plaintiff, who purportedly suffers from chronic rheumatoid arthritis and, at the time of the incident forming the basis of this complaint, was recovering from his fourth hip replacement surgery, slipped and fell the morning of March 4, 2015, while attempting to maneuver around sheets of ice that had accumulated on the sidewalk between the housing unit and the dining hall at SCI-Frackville. (Doc. 1, at 5). He claims that Defendants failed to accommodate his disability in violation of the Americans with Disabilities Act ("ADA") by

issuing him crutches instead of a wheelchair, especially for use during inclement weather; acted with deliberate indifference to his medical needs in violation of the Eighth Amendment by denying his requests for a wheelchair and for prescribing only Tylenol to treat the new injuries he sustained and the preexisting injuries that were exacerbated by his fall; and exhibited negligence in failing to maintain the sidewalk in a safe condition.

On August 12, 2015, Plaintiff filed a document entitled "statement of claim," which appeared to merely supplement his complaint with additional facts. (Doc. 7). Aside from that filing, however, no communication whatsoever has been received from the Plaintiff to date. On January 15, 2016, Defendants informed the Court by letter that Plaintiff was released from prison on approximately December 23, 2015, but did not provide Defendants or the Court with his current address. (Doc. 21). Defendants were thereby prevented from scheduling his deposition and thus, complying with the Court's scheduling order setting the discovery deadline for January 29, 2016. (Doc. 21).

As a result of Plaintiff's failure to keep the Court and Defendants apprised of his updated address upon his release from prison, Defendants filed a motion to dismiss for failure to prosecute in accordance with Rule 41 of the Federal Rules of Civil Procedure, along with a brief in support of their motion. (Doc. 22; Doc. 23). No oppositional brief was filed within fourteen days after service of Defendants' motion to dismiss. The Court issued a briefing order on February 23, 2016, directing Plaintiff to file a brief in opposition to Defendants' motion to dismiss no later than March 8, 2016. (Doc. 24). A copy of that Court order was mailed to the Plaintiff at his address of record (SCI-Frackville), which was subsequently returned to the Court, marked "return to sender, inmate paroled." (Doc. 25 (postmarked February 23, 2016)).

As Plaintiff has not responded to the instant motion to dismiss, the Court shall deem the motion unopposed. L.R. 7.6. Accordingly, this matter is now ripe for disposition.

**II.  DISCUSSION**

"Federal Rule of Civil Procedure 41(b) permits a District Court to dismiss a plaintiff's case for failure to prosecute." *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008) (citing Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.")). Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the court and will not be disturbed absent an abuse of discretion. *Emerson v. Thiel College,* 296 F.3d 184, 190 (3d Cir. 2002) (per curium) (citations omitted). In evaluating whether an action should be dismissed for failure to prosecute, a court must balance six factors enumerated in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). Specifically, the Court must inquire into:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.
>
> *Poulis*, 747 F.2d at 868 (emphasis omitted).[1]

---

[1] A *pro se* litigant has an affirmative obligation to keep the Court informed of his or her address, and must immediately inform the Court if that address changes. *See* L.R. 83.18; (Doc. 4, at 4 ("Standing Practice Order in Pro Se Plaintiff Cases") ("If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned his lawsuit.")); *Washington v. Columbia Cnty. Prison*, No. 3:CV-10-45, 2011 WL 98547, at *1 (M.D. Pa. Jan. 12, 2011). The Plaintiff in this case has failed to provide the Court with an updated post-release address, despite having

*(footnote continued on next page)*

The *Poulis* factors are not "a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). Indeed, no one factor is determinative and thus not all of the *Poulis* factors must be met to warrant dismissal. *Mindek*, 964 F.2d at 1373; *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). Dismissal for failure to prosecute is appropriately labeled a "drastic sanction" because it is "deemed to be an adjudication on the merits, barring any further action between the parties." *Sebrell ex rel. Sebrell v. Phila. Police Dep't,* 159 F. App'x 371, 373 (3d Cir. 2005) (citing *Landon v. Hunt,* 977 F.2d 829, 833 (3d Cir. 1992); Fed. R. Civ. P. 41(b)).

had more than three months to do so. In *McLaren v. New Jersey Department of Education*, a non-precedential *per curiam* case, the Third Circuit instructed that "when a litigant's conduct makes adjudication of the case impossible, . . . balancing under *Poulis* is unnecessary." 462 F. App'x 148, 149 (3d Cir. 2012) (citing *Guyer v. Beard,* 907 F.2d 1424, 1429–30 (3d Cir. 1990); *Spain v. Gallegos,* 26 F.3d 439, 454–55 (3d Cir. 1994)). Specifically, in *McLaren*, the Third Circuit found that the plaintiff's failure to update her mailing address made "adjudication of the case impossible. 462 F. App'x at 149. A district judge in the United States District Court for the Eastern District of Pennsylvania, interpreting *McClaren*, aptly noted "the conundrum faced by courts dealing with vanished litigants in the Rule 41(b) context;" specifically, that the "*Poulis* balancing test works best when a court can hear from both sides and then determine . . . 'the extent of the party's personal responsibility' and whether the party acted 'in bad faith,'" a task made difficult when Plaintiff has neither furnished an up-to-date address nor responded to his opponents' allegations regarding his failure to prosecute. *Welch v. City of Phila.*, No. 11-CV-04670-LDD, 2012 WL 1946831, at *4 (E.D. Pa. May 30, 2012). While the Court recognizes the inherent difficulty in applying the *Poulis* factors in a unique situation such as this, and believes that the reasoning provided by the Third Circuit in *McClaren* is applicable here, it will nevertheless undertake its usual *Poulis*-balancing obligations out of an abundance of caution, as *McClaren* has not been cited in the Middle District for the proposition that a court need not undergo a balancing of the *Poulis* factors where the plaintiff has not kept the court abreast of his current address.

4

A.  PERSONAL RESPONSIBILITY

With respect to the first *Poulis* factor—the extent of the party's responsibility—Defendants argue that the delays in this case are entirely attributable to Plaintiff, as Defendants promptly attempted to depose Plaintiff and serve him with written discovery requests upon receipt of the Court's case management order, but were prevented from doing so due to Plaintiff's failure to inform them of his whereabouts. (Doc. 23, at 5). Because Plaintiff is a *pro se* litigant, he is solely responsible for prosecuting his claim. *See Hoxworth v. Blinder Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992); *Lopez v. Cousins*, 435 F. App'x 113, 117 (3d Cir. 2011) ("As a general rule, a *pro se* litigant is responsible for his failure to comply with court orders."); *Gieniec v. Smith*, No.3:09-cv-02330, 2011 WL 6130723, at *1 (M.D. Pa. Dec. 8, 2011) ("Plaintiff is proceeding *pro se*, and thus is responsible for . . . informing the Court of his address, responding to discovery requests, and complying with Court orders."). In this case, it is the personal responsibility of Plaintiff, proceeding *pro se*, to maintain accurate contact information as required by local rule and the Court's standing practice order, and to litigate his case by engaging in discovery. *See* L.R. 83.18; (Doc. 4, at 4). The Court cannot overlook Plaintiff's neglect in keeping the Court and Defendants informed of his present whereabouts. Accordingly, the first *Poulis* factor weighs in favor of dismissal.

B.  PREJUDICE TO MOVING PARTY

Defendants submit that the second *Poulis* factor, the prejudice to the adversary caused by the failure to abide by court orders, is also satisfied here, as Defendants have been prejudiced by their inability to depose Plaintiff or serve him with discovery requests prior to the expiration of the discovery deadline imposed by the Court. (Doc. 23, at 5).

While a finding of prejudice is clearly warranted where there is a showing of "irretrievable loss of evidence, . . . inevitable dimming of witnesses' memories, or . . . excessive and possibly irremediable burdens or costs imposed on the opposing party," prejudice for purposes of the *Poulis* analysis is not merely limited to "irremediable" or "irreparable" harm. *Adams v. Trustees of N.J. Brewery Emps.' Pension Trust Fund,* 29 F.3d 863, 873–74 (3d Cir. 1994). Rather, "the burden imposed by impeding a party's ability to [effectively prepare] a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). In considering this legal framework, it is clear that Plaintiff's failure to notify the Court and Defendants of his current mailing address has wholly frustrated and delayed resolution of this action, and further has impeded Defendants' ability to prepare a trial strategy. *See Figueroa v. United States*, No. 1:13-CV-230, 2013 WL 4813369, at *2 (M.D. Pa. Sept. 9, 2013). Therefore, the second *Poulis* factor weighs in favor of dismissal.

### C. HISTORY OF DILATORINESS

Regarding the third *Poulis* factor, Defendants have not addressed in their supporting brief whether there has been a history of dilatoriness on the part of the Plaintiff that compels dismissal of this action. A pattern of dilatoriness is found where there has been "extensive or repeated delay or delinquency . . . such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams,* 29 F.3d at 874; *see also Ware,* 322 F.3d at 222 (finding a history of dilatory conduct where the plaintiffs repeatedly failed to provide a calculation of damages for the defendant); *Emerson,* 296 F.3d at 191 (finding a history of dilatory conduct where plaintiff repeatedly requested stays and consistently failed to comply with court-mandated deadlines). Conversely, "conduct that occurs one or two times is insufficient to demonstrate a history of dilatoriness." *Briscoe,* 538 F.3d at 261 (3d Cir. 2008)

(citation omitted) (refusing to find a history of dilatory conduct where plaintiff refused to attend one scheduled deposition). In deciding whether a history of dilatory conduct exists, a court must evaluate "a party's problematic acts . . . in light of its behavior over the life of the case." *Adams*, 29 F.3d at 875.

Here, the facts are insufficient to support the conclusion that Plaintiff has engaged in a history of dilatoriness by failing to provide the Court and Defendants with his current address for approximately three months. Indeed, Plaintiff's failure to comply with the Court's standing practice order imposing an "affirmative obligation to keep the court informed of his or her current address," alone, does not amount to dilatory conduct. (Doc. 4, at 4); *Houston v. Southers*, No. 1:12-CV-0371, 2012 WL 2357504, at *2 (M.D. Pa. June 20, 2012) ("In the instant case, where [plaintiff] failed to comply with the provision of the Standing Practice Order requiring him to him to notify the Court of his change of address, it cannot be said that this act alone constitutes dilatory conduct."). *But see Estrada-Medina v. United States*, No. CIV.A. 3:13-1558, 2014 WL 888536, at *5 (M.D. Pa. Mar. 6, 2014) ("Here, the plaintiff has failed to provide an address where he can be reached for some months, and his whereabouts are unknown. Thus, the plaintiff's conduct displays '[e]xtensive or repeated delay or delinquency [and conduct which] constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders.'") (quoting *Adams,* 29 F.3d at 874). Thus, the third *Poulis* factor arguably weighs against dismissal.

### D. PARTY'S WILLFUL OR BAD FAITH

Defendants have also omitted from their supporting brief a discussion of the fourth *Poulis* factor; namely, whether the conduct of Plaintiff was willful or in bad faith. In this context, a court must determine whether the conduct at issue reflects mere inadvertence or negligence, or

7

conversely, is "the type of willful or contumacious behavior which [can be] characterized as 'flagrant bad faith.'" *Scarborough v. Eubanks*, 747 F.2d 871, 875 (3d Cir. 1984) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 643 (1976)). Generally, "willfulness" is defined as "intentional or self-serving behavior." *Adams,* 29 F.3d at 875. Conduct that is simply negligent or inadvertent is not considered contumacious in nature. *Briscoe*, 538 F.3d at 262 . Moreover, the "absence of a good faith effort to prosecute . . . does not necessarily amount to willfulness or bad faith as [the Third Circuit] has defined it." *Adams*, 29 F.3d at 876.

Here, "[i]n spite of Plaintiff's continuing failure to communicate with Defendants and this Court, there are insufficient facts to warrant an inference of bad faith or willfulness." *Cooper v. Atl. Cty. Justice Facility*, No. CV 15-575 (JBS-JS), 2016 WL 155039, at *2 (D.N.J. Jan. 12, 2016). Indeed, Plaintiff has been "silent, and that silence is ambiguous." *El-Hewie v. Paterson Pub. Sch. Dist.*, No. CIV. 13-5820 KM, 2015 WL 5306255, at *4 (D.N.J. Sept. 10, 2015). Thus, the Court is unable to conclude that Plaintiff's failure to keep the Court abreast of his current address necessarily amounts to bad faith or willful misconduct. *Houston*, 2012 WL 2357504, at *2 ("[Plaintiff's] failure to notify the Court of address change is not conduct which necessarily would be characterized as willful or in bad faith."). Accordingly, the issue of bad faith is a neutral factor and does not advance the analysis.

    E.  A<small>VAILABILITY OF</small> A<small>LTERNATIVE</small> S<small>ANCTIONS</small>

Defendants maintain that the fifth *Poulis* factor, the effectiveness of alternative sanctions, cuts in favor of dismissal. (Doc. 23, at 6). Generally, "sanctions less than dismissal [are] ineffective when a litigant . . . is proceeding *pro se*." See *Lopez*, 435 F. App'x at 116; *Emerson*, 296 F.3d at 191; *see, e.g., Nowland v. Lucas*, Civil No.1:10-CV-1963, 2012 WL 10559, at *6 (M.D. Pa. Jan. 3, 2012) ("This case presents such a situation where the plaintiff's status as a *pro*

*se* litigant severely limits the ability of the court to utilize lesser sanctions to ensure that this litigation progresses in an orderly fashion."). Here, Plaintiff's status as a *pro se* litigant prevents this Court from sanctioning him or utilizing lesser alternative sanctions. Furthermore, Plaintiff's failure to provide the Court with an updated address precludes him from receiving notice of those sanctions even if they could be imposed on him. Indeed, "'[a]n order to show cause why dismissal [is] not warranted or an order imposing sanctions [will] only find itself taking a round trip tour through the United States mail,'" as has already occurred with the Court's issuance of a briefing order directing Plaintiff to respond to Defendants' motion to dismiss for failure to prosecute. (Doc. 25); *McLaren*, 462 F. App'x at 149 (quoting *Carey v. King,* 856 F.2d 1439, 1441 (9th Cir. 1988)). Accordingly, this factor weighs in favor of dismissal.

    F.   M<small>ERITORIOUSNESS OF</small> P<small>LAINTIFF'S</small> C<small>LAIMS</small>

Defendants argue that the final *Poulis* factor, which enjoins the court to consider the meritoriousness of Plaintiff's claims, compels dismissal of this action. Specifically, Defendants assert that they are entitled to sovereign immunity on Plaintiff's state law tort claims and further, that Plaintiff's Eighth Amendment and ADA claims would not likely survive a motion for summary judgment due to Plaintiff's averments that he initially refused the offer of a wheelchair and was treated at a local hospital after his fall. (Doc. 23, at 6). A claim is deemed meritorious when "the allegations of the pleadings, if established at trial, would support recovery by plaintiff." *Poulis,* 747 F.2d at 870. "Generally, in determining whether a plaintiff's claim is meritorious, [courts] use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Briscoe,* 538 F.3d at 263 (citing *Poulis,* 747 F.2d at 869-70).

In conducting its 28 U.S.C. § 1915 screening of the complaint, the Court identified that several of Plaintiff's claims sufficiently stated a claim for relief when viewing the facts in the

light most favorable to Plaintiff. As these claims were tested by the Rule 12(b)(6) motion to dismiss standard and survived, under the *Poulis* analysis, his claims are deemed to have merit. As a consequence, they must be considered meritorious. *Cooper v. Atl. Cty. Justice Facility*, No. CV 15-575 (JBS-JS), 2016 WL 155039, at *3 (D.N.J. Jan. 12, 2016). Accordingly, the sixth *Poulis* factor does not weigh in favor of dismissal.

### G. BALANCING THE *POULIS* FACTORS

To reiterate, when weighing the *Poulis* factors, there is no "magic formula" or "mechanical calculation" that automatically warrants dismissal for failure to prosecute. *Briscoe,* 538 F.3d at 263. Quite the contrary, the Court is guided by the Third Circuit's admonition that "no single *Poulis* factor is dispositive," and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Ware,* 322 F.3d at 222; *Mindek,* 964 F.2d at 1373

On balance, the *Poulis* factors weigh in favor of dismissal of this action for lack of prosecution. Although Plaintiff has not exhibited a history of dilatoriness or bad faith in his failure to comply with the standing practice order obliging him to notify the Court of his change of address, and while his complaint survived the Court's statutorily mandated initial screening review, the Court finds particularly persuasive the prejudice Defendants have incurred by the obstruction of their ability to prepare a defense and the fact that adjudication of this case is impossible given the inability of the Court to ascertain Plaintiff's current whereabouts. As it is apparent to the undersigned that Plaintiff has made no effort to prosecute his case as evidenced by his failure to provide the Court with his updated address upon his release from prison, it is respectfully recommended that Defendants' motion to dismiss be granted for failure to prosecute. *See, e.g., Juaquee v. Pike Cnty. Corr. Facility Emps.,* 3:12–CV–1233, 2013 WL 432611 (M.D. Pa. Feb. 1, 2013); *Kuhn v. Capitol Pavilion,* 1:11–CV–2017, 2012 WL 5197551 (M.D. Pa.

Oct. 19, 2012); *Educ. Mgmt. Servs., Inc. v. Pennsylvania,* 1:10–CV–00441, 2012 WL 2389874 (M.D. Pa. June 25, 2012); *Olguin v. Burgerhoff,* 1:12–CV–0003, 2012 WL 1580935 (M.D. Pa. May 4, 2012); *Binsack v. Lackawanna Cnty. Dist. Attorney's Office,* 3:08–CV–1166, 2011 WL 5840314 (M.D. Pa. Nov. 21, 2011).

### III. RECOMMENDATION

Based on the foregoing, it is recommended that:

1. Defendants' motion to dismiss (Doc. 22), be **GRANTED**;
2. The Clerk be directed to **CLOSE** this case.

Dated: April 5, 2016                                                                 *s/ Karoline Mehalchick*
                                                                                                         **KAROLINE MEHALCHICK**
                                                                                                         **United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HUBERT BREWINGTON,<br><br>    Plaintiff,<br><br> v.<br><br>BRENDA TRITT, et al.,<br><br>    Defendants | CIVIL ACTION NO. 1:15-CV-01362<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **April 5, 2016**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: April 5, 2016**　　　　　　　　　　　　　　*s/ Karoline Mehalchick*
                            **KAROLINE MEHALCHICK**
                            **United States Magistrate Judge**